UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY | : | |
| OF NEW JERSEY, AS SUBROGEE | : | |
| OF CHARLES RIVER LABS/SPAFAS | : | NO.:  3:02CV306 (GLG) |
| | : | |
| v. | : | |
| | : | |
| ASSOCIATED SECURITY | : | |
| CORPORATION, AND MCQUAY | : | |
| INTERNATIONAL D/B/A MCQUAY | : | |
| SERVICE AIR CONDITIONING | : | DECEMBER 1, 2003 |

**DEFENDANTS' LOCAL RULE 56(a)1 STATEMENT
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

1.      Pursuant to its policy with Charles River Labs, Federal Insurance Company paid Charles River Labs/SPAFAS $128,297.59 for losses sustained on February 22, 2001.  See Plaintiff's Complaint, ¶ 18.

2.      SPAFAS suffered a loss of egg production due to the death of 2,965 chickens. See Plaintiff's Complaint, ¶¶ 16, 17.

3.      The chickens were housed in "J-house," a poultry house operated by SPAFAS and located on Miller Road in Preston, Connecticut.  See Plaintiff's Complaint, ¶ 6.

4.      The chickens died as a result of a lack of oxygen.  See **Exhibit A**, pp. 98-99.

5.      As of February 2001, Miller Road consisted of five (5) poultry houses, two of which contained HVAC units manufactured by McQuay.  See **Exhibit A**, pp. 12, 13.

6.      The two buildings that contained McQuay units were built in 1995 or 1996 and are referred to as I-house and J-house.  See **Exhibit A**, p. 13.  Two HVAC units, each consisting of a furnace and an air handler, were installed in each of these houses. See **Exhibit A**, pp. 16-17, 56.

7.      Swan Associates, who is not a party to this lawsuit, installed the units and performed the maintenance on the units for the first four years.  See **Exhibit A**, pp. 17, 22-23.

8.      SPAFAS experienced problems with the HVAC units during Swan's involvement, and thus SPAFAS turned to McQuay in 2000.  See **Exhibit A**, p. 34.

9.      The two HVAC units at J-house allowed for a backup system that could only be activated manually.  See **Exhibit A**, pp. 33, 56-57, 91-93.

10.     The manual backup system was designed by Dave Hansel, a former Charles River Labs' employee.  See **Exhibit A**, pp. 14-16, 92-94.

11.     The problem on February 22, 2001 occurred only with the primary unit, as it was the only unit in operation at the time.  See **Exhibit A**, pp. 56-57, 74.

12.     Mr. Sabrowski started up the air handler on the morning of February 22nd by simply resetting the furnace.  See **Exhibit A**, pp. 55-57, 97-99.

13.     Prior to February 22, 2001, SPAFAS had hired McQuay to inspect, service and repair the HVAC systems located at I-house and J-house.  See Plaintiff's Complaint, ¶8.

14.     The parties entered into the only contractual agreement between them on or about November 6, 2000.  See **Exhibit C**; and **Exhibit D**, pp. 48-50.

15.     SPAFAS agreed to pay McQuay $4,133.00 for McQuay's services pursuant to the Assured Maintenance Agreement.  See **Exhibit C**, p.4.

16.     Pursuant to said Agreement, McQuay was required to provide four (4) inspections of the heating and air conditioning units per year, beginning November 1, 2000.  See **Exhibit C**; and **Exhibit D**, pp. 48-50.

17.     Robert Sirpenski read and signed the Agreement on behalf of SPAFAS. See **Exhibit C**, p.5; and **Exhibit D**, pp. 48-49.

18.     McQuay's obligations with respect to inspections were contained entirely within this Agreement.  See **Exhibit D**, p.51.

19.     Pursuant to said Agreement, McQuay had performed one inspection prior to the February 22, 2001 incident.  The inspection was conducted on November 29, 2000.  See **Exhibit E**.

20.     Aside from the inspections contracted for under the Agreement, McQuay also performed routine service work and emergency service work for SPAFAS as needed.  See **Exhibit D**, p. 52.

21.     There was no separate contractual agreement to provide servicing or repairs.  <u>See</u> **Exhibit D**, p. 56.  Any service work would occur only after receipt of a call by SPAFAS.  <u>See</u> **Exhibit D**, p. 52.

22.     Every service order prepared by McQuay contained a limitation of liability clause.  <u>See</u> **Exhibit E**.

23.     John Sabrowski is the maintenance manager for the Miller Road poultry houses.  <u>See</u> **Exhibit A.**

24.     None of the plaintiff's fact witnesses, including Mr. Sabrowski, have any knowledge of a breach of a contractual obligation by McQuay.  <u>See</u> **Exhibit A**, pp. 67-70; **Exhibit D**, pp. 59-60; and **Exhibit F**, pp. 48, 53.

25.     None of the plaintiff's fact witnesses, including Mr. Sabrowski, is aware of the cause of the problem with the HVAC unit on February 22, 2001.  <u>See</u> **Exhibit A**, pp. 66-67; **Exhibit D**, p. 68; and **Exhibit F**, pp. 26, 53-54.

26.     None of the plaintiff's fact witnesses, including Mr. Sabrowski, is aware of any work that McQuay performed improperly and/or negligently.  <u>See</u> **Exhibit A**, pp. 68-70; **Exhibit D**, pp. 60-61; and **Exhibit F**, p. 53.

27.     Parts of the HVAC unit (including the variable speed drives "VSDs" and the electrical thermostats) were replaced and discarded subsequent to February 22, 2001.  <u>See</u> **Exhibit A**, pp. 40-43; 66-67, 76-77.

28.    The plaintiff has not disclosed any expert witnesses regarding liability.  See **Exhibit B**, ¶¶ 22-24.

29.    SPAFAS did not conduct or cause to be conducted an investigation into the cause of the problem with the HVAC unit.  See **Exhibit A**, pp. 66-67; and **Exhibit B**, ¶¶ 10, 11.

30.    Charles River Labs is a worldwide corporation whose stock is traded on the New York Stock Exchange.  See **Exhibit D**, pp. 5, 7.

31.    The value of the chickens produced by SPAFAS depends on the age of the chickens, and the quality and quantity of their eggs.  These characteristics vary.  See **Exhibit D**, pp. 36-41.

32.    The eggs produced by SPAFAS were used for vaccines and research purposes.  See **Exhibit D**, pp. 36-38.

                                        DEFENDANT,
                                        MCQUAY INTERNATIONAL D/B/A
                                        MCQUAY SERVICE AIR CONDITIONING

                                        By /s/ Alexandria L. Voccio
                                           Alexandria L. Voccio
                                           ct21792
                                           Howd & Ludorf
                                           65 Wethersfield Avenue
                                           Hartford, CT  06114
                                           (860) 249-1361
                                           (860) 249-7665 (Fax)
                                           E-mail:  avoccio@hl-law.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U. S. Mail to the following counsel of record this 1st day of December, 2003.

David Rubin, Esquire
750 Summer Street
Stamford, CT  06901

William N. Clark, Jr., Esquire
Cozen & O'Connor
1900 Market Street
Philadelphia, PA  19103

Ronald D. Williams, Jr.
Williams, Cooney & Sheehy
799 Silver Lane
Trumbull, CT  06611-0753

                                        By /s/Alexandria L. Voccio
                                           Alexandria L. Voccio